GEORGE A. THEOBALD v. DANIEL C. HOPKINS and Another.[1]

November 4, 1904.

Nos. 14,032—(46).

**Broker's Commission.**

 In an action to recover for services alleged to have been performed in procuring a purchaser for certain real estate it is *held* (1) that the evidence sustains the verdict of the jury, and (2) that the record presents no reversible error.

Appeal by defendants from an order of the district court for Ramsey county, Bunn, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $613.89. Affirmed.

[1] Reported in 101 N. W. 170.

*W. S. Hammond,* for appellants.

*Arthur Christofferson* and *Childs, Edgerton & Wickwire,* for respondent.

BROWN, J.

Action to recover a commission alleged to be due plaintiff for services rendered in procuring a purchaser for defendants' land. Plaintiff had a verdict in the court below, and defendants appealed from an order denying a new trial.

The complaint alleges that plaintiff entered into an agreement with defendants to procure a purchaser for certain land owned by them (thirty two hundred acres), for which they agreed to pay him the reasonable value of his services; that he procured a purchaser, to whom defendants made a sale of the land; and that his services were reasonably worth and of the value of $1,600. The answer admits that plaintiff was employed to make a sale of the land, but alleges that he and one Noonan were jointly interested in the transaction; that defendants agreed to pay them as commission for their services all they should receive over and above the net selling price of the land. It further admits that a purchaser of the land was procured by plaintiff and Noonan, to whom defendants made a sale. It was contended by defendants on the trial that by an arrangement between plaintiff and Noonan the former accepted and received the sum of $50 in full payment for his services; at least that by his acts and conduct he led defendants to believe that he had so settled, and is now estopped from asserting the contrary.

The evidence discloses that defendants were the owners of the land in question, and listed the same with plaintiff for sale, the selling price being fixed at $5.40 per acre; and that at the suggestion of defendants plaintiff and Noonan jointly interested themselves in an effort to procure a purchaser. Plaintiff found a purchaser, who agreed to pay the sum fixed by defendants for the land, and communicated the fact to Noonan, who thereupon took the matter up, and completed the transaction with defendants. He induced defendants to reduce the selling price of the land, and they finally agreed to accept $5 per acre, allowing Noonan to retain the balance, $1,280, as commission; and the sale was finally consummated on that basis. Defendants subsequently

paid Noonan one-half the amount, $640, and obligated themselves to pay the balance from time to time as deferred payments on the purchase price were made. Plaintiff was not informed of the fact that defendants had agreed to accept $5 per acre for the land, or that Noonan was to receive $1,280 for making the sale. On the contrary, Noonan represented to him, pending negotiations for the sale, and after he had received the modified terms from defendants, that the latter would allow but $100 as commission, and that, unless that amount were accepted, they would decline to complete the sale. The jury awarded him a verdict for $613.89.

A careful consideration of the evidence presented in the paper book satisfies us beyond any question that the verdict of the jury was in accordance with the truth and justice of the case, and should be sustained.

The contention of appellants that the court erroneously charged the jury on the question of estoppel is not sound. It was urged in this behalf by defendants that plaintiff by his acts and conduct led defendants to believe that he had settled with Noonan for his compensation, and had received in the $50 paid him the amount due in full, and that he is now estopped from claiming more. It is undoubtedly true that, if plaintiff knew that Noonan was to receive a commission of $1,280, if he had knowledge of all the facts, and with that knowledge accepted $50 for his services, and led defendants to believe, before they settled with Noonan, that he had received payment of his claim in full, he would be estopped from now asserting further rights under the contract. The case would come clearly within the elementary principles of law of estoppel, and preclude a recovery by him. The court correctly charged the jury on that subject.

And again, if plaintiff could, by proper inquiry, have learned all the facts with reference to the amount received by Noonan, and neglected to make it, and defendants were misled to their prejudice by his inaction, he would be estopped from afterwards asserting a claim against them. But no request was submitted for instructions upon this theory of the case, and no assignment of error presents the point. The evidence does not conclusively show an estoppel against plaintiff's right of recovery upon either ground; on the contrary, it is sufficient to support the verdict of the jury in his favor. By the defendants' own

showing it appears that they knew that plaintiff and Noonan were acting together in the matter of procuring a purchaser for the land.

In fact, one of defendants suggested to them that they so act, and they were bound to know that plaintiff had some right to the commission they had agreed to pay Noonan. There is no merit in the claim that they were prejudiced by any failure on the part of plaintiff to ascertain the amount defendants had agreed to pay him, for it appears that plaintiff at all times claimed the right to a commission in excess of $50. Defendants knew that Noonan was to receive a commission of $1,280; fair dealing on their part would require that they make inquiry of plaintiff whether or not he had been fully compensated for his services, before making a final settlement with Noonan. There is some evidence tending to show that defendants did this, and that they were misled by his acts and conduct in the premises; but this evidence was all denied by plaintiff, and presented a fair question for the jury to determine.

The court charged the jury that, if they found the agreement between the parties, as contended by defendant Hopkins, practically what was pleaded in the answer, then plaintiff would be entitled to recover one-half the amount defendants agreed to pay Noonan, or $640, less $50 paid. There was no error in this instruction, for the evidence justified the conclusion that defendants agreed to pay plaintiff and Noonan all they should receive for the land over and above the net selling price fixed by them. They originally fixed $5.40 per acre as such selling price, but subsequently reduced it to $5 per acre; and the land was in fact sold for $5.40, leaving a surplus for the agents of forty cents per acre, or $1,280, one-half of which would belong to each.

Our conclusions are that the issues of fact and rules of law applicable thereto were fully and fairly submitted to the jury, and that the record presents no reversible error.

Order affirmed.